[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Background
This case has been in litigation since the decree of dissolution in July of 1993. The plaintiff husband has continued in his occupation as a Photographer from the time of dissolution to the present.
By way of background, at the time of the dissolution the plaintiff indicated a net of $321. per week on his financial affidavit. In January of 1995, he claimed a net of $290.85 per week and in June 1995 he indicated a net of $324. per week.
Notwithstanding the plaintiff's net of $321. per week at the time of the dissolution, the trial court entered an award of child support in the amount of $135. per week and alimony of $150. per week. The defendant was also awarded lump sum alimony of $75,000.
The plaintiff took an appeal from the trial court's decision, however the trial court decision was affirmed in February 1995.
The plaintiff has been in arrears since the date of the orders. He has been incarcerated on at least two occasions. He has filed Bankruptcy to avoid the payment of the lump sum alimony award of $75,000. He failed to make mortgage payments as ordered resulting in a foreclosure of the premises inhabited by the CT Page 7873 defendant and their child.
This was an 18 year marriage. On June 26, 1997 the minor child turned 18 years of age and the plaintiff's obligation to pay child support ceased on that date.
On August 7, 1995 the plaintiff's alimony payments were modified from $150 a week to $100 a week based in part on the plaintiff's financial affidavit showing a net of $265.29 per week.
Thus, at this time, the plaintiff's only weekly obligation is for alimony in the amount of $100. per week plus the arrearage.
As indicated, the plaintiff has his own photographic business. Prior to 1990, the defendant worked in the business with the plaintiff. The defendant is convinced that cash monies and other perks flow through this business and that personal expenses are charged to the business or written off through the business to substantially reduce the net income the plaintiff continues to show on his financial affidavits. There was testimony before the Family Support Magistrate that the plaintiff's 1994 Tax Returns were audited by the IRS without any irregularities surfacing.
This case has been replete with appeals, modifications, contempts, incarceration and purges.
It is really time for both parties to sit down, bite the bullet and come up with figures both parties can live with. Since the child support order of $135. per week has ended as of June 26, 1997, the plaintiff is faced only with the alimony order of $100. per week (plus the arrearage).
The plaintiff filed another Motion to Modify alimony and child support in May 1996. This Motion was heard by the Family Support Magistrate on November 12, 1996 at which time the Magistrate denied the Modification. This appeal followed the Magistrate's decision.
The Appeal
Cutting through the extraneous, immaterial and irrelevant information presented in this rather convoluted hearing held before the Family Support Magistrate on November 12, 1996, what CT Page 7874 was before the Family Support Magistrate?
The Family Support Magistrate looked at the previous financial affidavits filed at the time of the last modification which was heard in August 1995. The plaintiff's affidavit indicated a net of $265.29 per week at that time.
The plaintiff's present affidavit dated November 12, 1996 indicates a net of $168.41 per week based on sales of $55,000. for the first ten months of 1996 plus some income from lecture tours and conventions. If on gross sales of $55,000., the plaintiff only realizes $7241.63 ($168.41 per week for ten months) then perhaps the plaintiff should reconsider his present profession or consider a second job.
Notwithstanding that, in fact, the plaintiff's net income as shown on his current financial affidavit has decreased by approximately $96. ($265.29 (8/95) minus $168.41(11/96).) Was this a substantial change in circumstances to justify modification?
The Family Support Magistrate also took into account the evidence presented by the defendant concerning the plaintiff's life style and his business expenses. Although the defendant was the plaintiff's bookkeeper and office manager prior to the dissolution, she has not been privy to the Books since 1990.
Without an examination of the business tax returns, including all the appropriate schedules, it is not known what deduction and expenses are taken from the plaintiff's business to arrive at the net weekly amount which the plaintiff puts on his financial affidavit. The parties did more talking rather than putting on evidence of expenses, perks and income.
The defendant's November 1996 financial affidavit does stretch one's imagination. The plaintiff claims net income of $168.41 per week with weekly expenses of $447. (Excluding alimony and child support which the plaintiff is not paying).
Before the Court or the Family Support Magistrate can get to the Connecticut Child Support Guidelines, it is necessary to determine the plaintiff's income. The plaintiff's financial affidavit is not sufficient. In fact, it is not believable. To determine the plaintiff's true income, it is necessary to examine his business tax returns, with all the schedules and all the back CT Page 7875 up. Once the plaintiff's true net income is determined the child Support Guidelines can be plugged in to determine the appropriate amount of child support. The Court could also determine at that time whether there was sufficient evidence to deviate from the child support guidelines. If the plaintiff does not have these records and does not provide the defendant with the appropriate back up figures, then the court is left with his financial affidavit as filed and would have to make a determination as to its credibility.
The plaintiff has the burden to show a substantial change in circumstances to warrant a modification of alimony. No mention was made as to the child support guidelines amount that would be appropriate, nor was any reason given for deviating from the child support guidelines figure. There was not sufficient evidence to determine whether the plaintiff would be left with $145., the minimum under the child support guidelines.
It is necessary to refer this matter back to the Family Support Magistrate to hear further evidence concerning the income of the plaintiff.
Conclusion
1. The appeal is sustained and remanded for further proceedings.
2. The plaintiff is ordered to provide to the defendant his personal and complete business income tax returns for the years 1995 and 1996 along with the necessary back up documents and appropriate tax schedules, forthwith.
3. This court will conduct a pre trial of this matter within 30 days of date and prior to a hearing before the Family Support Magistrate. The date set for the pre trial is August 19, 1998 at 9:30 a.m. at Milford.
COPPETO, J.